# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**CECIL RAY ALDRIDGE,**

    **Petitioner,**

**v.**                                            **Case No. 1:18-cv-00596**

**BARBARA RICKARD, Warden,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and the respondent's Motion to Dismiss or, in the alternative, to Transfer (ECF No. 11).

## RELEVANT PROCEDURAL HISTORY

The petitioner is incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a 192-month term of imprisonment imposed by the United States District Court for the Eastern District of Arkansas, following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (*See United States v. Aldridge*, No. 4:11-cr-00004, ECF Nos. 54, 63). The petitioner's sentence included an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because the sentencing court found that he had at least three

prior convictions for violent felonies, as defined in 18 U.S.C. § 924(e)(2)(B).[1] His Judgment was entered on July 23, 2013. (*Id.*, ECF No. 65).

The petitioner unsuccessfully appealed his Judgment to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") (*Id.*, ECF Nos. 82, 83), and his Judgment became final on or about August 30, 2014. However, on June 26, 2015, subsequent to his direct appeal, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the ACCA is void for vagueness and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.

On April 18, 2016, the Supreme Court determined that *Johnson* affected the substantive reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Accordingly, federal criminal defendants who can demonstrate that the residual clause of the ACCA arguably affected their sentence may seek relief under section 2255.

Following the decision in *Johnson*, the petitioner filed three unsuccessful Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in his sentencing court.

---

[1] The ACCA provides for a sentencing enhancement for possessing a firearm in the commission of certain felony offenses when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as a crime punishable "by imprisonment for a term exceeding one year," that (i) has an element the use, attempted use, or threatened use of physical force against the person of another ["the force clause"], or (ii) is burglary, arson, or extortion, involves use of explosives ["the enumerated offense clause"], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* ["the residual clause"]. 18 U.S.C. § 924(e)(2)(B) (emphasis added). Without this enhancement, the petitioner would have been subject to a statutory maximum sentence of 10 years. With the enhancement, the petitioner is subject to a statutory mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e)(1).

(*Id.*, ECF Nos. 92, 95, 101). In each of those motions, the petitioner argued that his ACCA-enhanced sentence was unconstitutional. A review of the sentencing court's orders denying those motions indicates that the court found that none of his prior convictions fell under the "residual clause." Rather, the court found:

> [T]he two burglary convictions were "enumerated offense[s]" in the ACCA and the felony sexual assault and armed robbery fall under the "physical use of force." Accordingly, Defendant's sentence is unaffected by the ruling in *United States v. Johnson.*

(*United States v. Aldridge*, No. 4:11-cr-00004, ECF No. 87 at 2). On December 19, 2016, following the denial of the petitioner's first two section 2255 motions, the Eighth Circuit denied authorization for the petitioner to file a second or successive section 2255 motion based upon *Johnson*. *Aldridge v. United States*, No. 16-2945 (8th Cir. Dec. 19, 2016).

The petitioner's third section 2255 motion, which was filed on February 7, 2017, changed the focus of the petitioner's argument to whether his prior burglary convictions were properly classified as "enumerated offenses" under the ACCA, relying on the Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013). With respect to that motion, the sentencing court denied the motion without prejudice and appointed counsel to file any appropriate motions. Presently, it appears that no motions are pending in the sentencing court.

On April 23, 2018, the petitioner filed the instant section 2241 petition in this court, again asserting a challenge to his ACCA-enhanced sentence. Specifically, his initial petition asserts:

> The sentence I received exceeds the statutory maximum term of 120 months so I am being held in violation of the Constitution. The district court relied

3

> on my prior convictions for robbery and burglary in Arkansas to enhance my sentence under 18 U.S.C. 924e, but in light of Johnson v. United States, those convictions no longer qualify as predicate offenses. I attempted to seek timely relief via 28 U.S.C. 2255, but the district court denied my multiple requests for court appointed counsel and denied my motions on the merits. By the time counsel was eventually appointed, I had already filed multiple motions, all of which had been adjudicated on the merits.

(ECF No. 2 at 6).

On January 9, 2019, the respondent filed a Response to Order to Show Cause, Motion to Dismiss or, in the alternative, Motion to Transfer (ECF No. 11), asserting that the petitioner's section 2241 petition should be dismissed because it does not meet the requirements of the "savings clause" contained in 28 U.S.C. § 2255(e) for review in this court under section 2241. Alternatively, the respondent asserts that the petition should be transferred, either to the petitioner's court of conviction, or to the Eighth Circuit for authorization to file a successive section 2255 motion. (*Id.* at 6-8).

On February 6, 2019, the petitioner filed an "Amended Petition for Writ of Habeas Corpus Motion to Prosecute in Regards to Show Cause Order and Motion to Dismiss by Government" (ECF No. 12), which the undersigned construes as his Reply. The Reply asserts that the Eighth Circuit's decision in *Sims v. United States*, 854 F.3d 1037 (8th Cir. 2017) renders the petitioner's ACCA-enhanced sentence invalid because, absent the residual clause invalidated in *Johnson*, his two Arkansas burglaries do not qualify as predicate violent felonies because they do not meet the enumerated offense of burglary. The petitioner further asserts that his sentence resulted in a miscarriage of justice, and that he should be resentenced without the ACCA enhancement. (*Id.* at 6). He further contends that *Sims* is an intervening change in the law that permits him to raise this claim under section 2241. (*Id.* at 3-4).

4

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

The petitioner's claim clearly challenges the validity of his sentence, and not the manner in which it is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Arkansas.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.  However, as noted in the procedural history, the petitioner was previously denied section 2255 relief in that court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of his detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective, as set forth in *Jones*, to include sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). This is the test that the court must apply herein.

As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255. Thus, the fact that the petitioner's prior section 2255 motions were denied does not make section 2255 inadequate or ineffective to test the legality of his detention and will not permit this court to review his claim under section 2241. Furthermore, the petitioner cannot satisfy the *Wheeler* criteria.

The petitioner's sentencing court has specifically found that none of his prior convictions fell under the residual clause stricken by *Johnson*. (*See United States v. Aldridge*, No. 4:11-cr-00004, ECF No. 93). Absent the residual clause, in order to qualify as an armed career criminal, a defendant must have three prior convictions that are enumerated offenses or meet the force clause of the ACCA.

The petitioner appears to be asserting that his prior burglary convictions do not satisfy the generic burglary definition as addressed in *Taylor v. United States*, 495 U.S. 575 (1990),[2] in order to qualify as enumerated offenses under the ACCA. As noted above, the petitioner relies upon the Eighth Circuit's decision in *Sims, supra*, 854 F.3d 1037, where the Eighth Circuit found that, because Arkansas' residential burglary statute criminalized burglary of vehicles, the statute swept more broadly than the generic definition of burglary set forth in *Taylor* and, therefore, it could not qualify as an enumerated offense under the ACCA. The petitioner argues that *Sims* is an intervening change in the law that invalidates his ACCA-enhanced sentence because his two prior Arkansas burglaries do not qualify as violent felonies.

However, as noted by the respondent, in *United States v. Stitt*, 139 S. Ct. 399 (2018), the Supreme Court reversed and vacated the Eighth Circuit's decision in *Sims* and remanded for further proceedings. The Supreme Court specifically found that burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation qualifies as an enumerated violent felony of burglary under the ACCA. Accordingly, the petitioner cannot rely on *Sims* to show an intervening change in the law

---

2 In *Taylor*, the Supreme Court found that the "generic" meaning of burglary contains at least the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598.

that renders his sentence invalid, and he has not cited to any other intervening authority that would do so.[3]

It is the law of the Supreme Court and the petitioner's circuit of conviction, the Eighth Circuit, that control the petitioner's claim. *See, e.g., Van Hoorelbeke v. United States*, No. CA-0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan, 8, 2010) (citing *Chaney v. O'Brien*, No. 07-0012, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted); *see also Eames v. Jones*, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit); *Gordon v. Conley*, No. 5:99-cv-00204, 2000 WL 34240482 (S.D. W. Va., June 30, 2000) ("'[C]hange in law' is not to be equated with a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated . . . .").

As noted by the *Chaney* court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." 2007 WL 1189641 at *3 [other citations omitted]. Thus, the petitioner cannot satisfy the *Wheeler* criteria for review of this claim under the savings clause because the substantive law of the circuit governing his sentencing court has not changed with respect to his conviction and sentence.

---

3  A review of the Eighth Circuit docket indicates that *Sims* is still before the court for additional briefing. Although the petitioner's initial petition further suggests that his prior robbery conviction is also not a violent felony under the ACCA, he points to no authority that would so demonstrate.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claim contained in his section 2241 petition.

Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would likely be another unauthorized second or successive motion. It further appears that the petitioner would not presently be entitled to any collateral relief on his claim. Therefore, treating the present petition as a section 2255 motion and transferring it to the court of conviction, or the Eighth Circuit, would be futile.[4]

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss (ECF No. 11-1), **DENY** the respondent's Motion to Transfer (ECF No. 11-2), and **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and this civil action for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code,

---

[4] To the extent that the petitioner may have any valid claim that could be pursued in his sentencing court, any appropriate motion or petition for relief may be filed in that court or the Eighth Circuit by the petitioner's court-appointed counsel.

Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit a copy to counsel of record.

<u>August 2, 2019</u>

Dwane L. Tinsley
United States Magistrate Judge